UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA BRISENO ACUNA,<br><br>                            Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.:  25cv3464-LL-KSC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

      Pending before the Court is Petitioner Karla Briseno Acuna's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. The matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** an individualized bond hearing for Petitioner.

**I.     BACKGROUND**

      Petitioner is a citizen of Mexico who came to America in 2006 without authorization. ECF No. 1 ("Pet.") ¶ 29. She is the mother of a U.S.-born child and has no criminal history. *Id*. ¶¶ 31, 33. On November 11, 2025, DHS arrested and detained Petitioner at her regularly-scheduled ICE check-in appointment. *Id*. ¶ 34. She has remained detained ever since. *Id*. ¶ 11. This is because DHS charged Petitioner as an alien under § 1225(b)(2)

instead of § 1226(a). *See generally id*. The former mandating detention, the latter permitting release on bond when it is determined that the alien is not a danger to others or a flight risk and the like. Petitioner argues that DHS's classification of her was wrong. *See generally id*. Therefore, on December 8, 2025, she petitioned this Court to be reclassified as an alien eligible for a bond hearing under § 1226(a). *Id*. Finding this claim to be dispositive, the Court declines to rule on Petitioner's other claims.

## II.   DISCUSSION

### A.   Jurisdiction

Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Had Petitioner sought to challenge the Government's decision to execute any removal order, it would bar this Court's review. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (applying 8 U.S.C. § 1252(g)'s "jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders"). But Petitioner only contests the Government's purported legal authority to subject her to mandatory detention under § 1225(b)(2), so the Court has jurisdiction to weigh in. *See Ibarra-Perez v. United States*, 154 F.4th 989, 998 (9th Cir. 2025) (noting that courts often have "jurisdiction" to hear a claim "premised on a lack of legal authority"); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *2 (S.D. Cal. Nov. 4, 2025) (finding that § 1252(g) does not strip us of jurisdiction to hear a petitioner's claim premised on "a lack of legal authority to subject [him] to mandatory detention under 8 U.S.C. § 1225(b)(2) during [removal] proceedings").

Nor does 8 U.S.C. § 1252(b)(9) strip this Court of jurisdiction. This statute "bars review of claims arising from actions or proceedings brought to remove an alien," that is "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1,

1  19 (2020) (quotation marks, alterations, and ellipses omitted). It does not bar claims that
2  are merely "collateral" to the removal process. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032
3  (9th Cir. 2016). Like here, such collaterality includes claims predicated on "a lack of legal
4  authority to subject [petitioners] to mandatory detention under § 1225[b][2] instead of
5  detention with a bond hearing under § 1226(a)." *Beltran*, 2025 WL 3078837, at *3.

6      **B.**    **Merits**

7      The Government has acknowledged that: "On July 8, 2025, the Department of
8  Homeland Security ("DHS") instituted a notice titled "Interim Guidance Regarding
9  Detention Authority for Applicants for Admission" (the "Notice") requiring, in general,
10 that anyone arrested in the United States and charged with being inadmissible to be
11 considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), subject to
12 mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and not subject to detention under 8
13 U.S.C. § 1226(a). In *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, ---
14 - F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), the district court declared
15 the Notice unlawful under the Administrative Procedures Act but did not issue a final
16 judgment. On December 18, 2025, however, the *Bautista* court entered final judgement.
17 *Bautista*, ECF No. 94. Accordingly, Respondents acknowledge that Petitioner is detained
18 under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing
19 be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 5. The Court agrees.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. By **January 12, 2026**, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), during which they shall not deny her bond based on 8 U.S.C. § 1225(b)(2)'s mandatory-detention requirement; it does not apply here. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Honorable Linda Lopez
United States District Judge